IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-71 |
| | ) | |
| MARVIN TIM YOUNGER | ) | |

OPINION

DIAMOND, D.J.

Presently before the court is petitioner Marvin Tim Younger's ("Younger") pro se Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (the "§2255 Motion") (Document No. 52), and the government's Response thereto (Document No. 56). For the reasons set forth below, Younger's §2255 motion will be denied.

I. **Background**

On March 19, 2014, Younger was charged in a one-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1). On February 9, 2015, Younger changed his plea from not guilty to guilty to the one-count indictment. Younger subsequently was sentenced on June 9, 2015, to a term of 30 months imprisonment[1] followed by a 3-year term of supervised release. Younger did not file a direct appeal of his judgment of conviction and sentence.

Younger now has filed a timely §2255 Motion seeking relief on the following grounds:

---

[1] The court ordered Younger to serve the 30-month term of imprisonment consecutively to the sentence of 18 months imprisonment imposed at Criminal No. 07-261 for revocation of his supervised release in that case. Younger has not challenged the 18-month sentence of imprisonment on the supervised release violation.

(1) Attorney Fred Rabner, who was his retained counsel, was ineffective for failing to move for a competency hearing prior to Younger's guilty plea and sentencing;

(2) the Assistant United States Attorney who prosecuted Younger's case engaged in misconduct because he failed to ensure that Younger received a competency hearing; and

(3) the court abused its discretion by failing to conduct a competency hearing prior to Younger's guilty plea and sentencing.

For reasons we explain below, none of these claims entitles Younger to relief under §2255.[2]

## II. Standard of Review

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. §2255(a). As a collateral challenge, a motion under 28 U.S.C. §2255 is reviewed much less favorably than a direct appeal of the sentence. United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

---

[2] Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record conclusively negates the factual predicates asserted in support of a §2255 motion, and if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the court does not abuse its discretion by electing not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds no need for an evidentiary hearing as the record affirmatively establishes that Younger is not entitled to relief as a matter of law.

### III. Discussion

In view of this standard, and for reasons explained below, Younger is not entitled to relief under §2255 because: (1) two of his claims are procedurally barred; and (2) his claim of ineffective assistance of counsel lacks merit.

#### A. Procedural Bar

Younger's claims that the Assistant United States Attorney who prosecuted his case engaged in misconduct because he failed to ensure that Younger received a competency hearing and that the court abused its discretion by failing to conduct a competency hearing prior to Younger's guilty plea and sentencing could have been raised on direct appeal but were not. Therefore, those claims are procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citations omitted). Cause for the procedural default must be an occurrence beyond a petitioner's control that cannot be attributed to him. See McCleskey v. Zant, 499 U.S. 467, 493 (1991). Additionally, prejudice must be substantial, such that the integrity of the entire trial was infected. See United States v. Frady, 456 U.S. 152, 170 (1982).

Younger has not established the requisite cause and prejudice to excuse his failure to raise on direct appeal his claims that the Assistant United States Attorney engaged in prosecutorial

misconduct and that the court abused its discretion by failing to conduct a competency hearing.[3] Because those claims are procedurally barred, this court will not consider them.

The only ground for cause for procedural default asserted by Younger is his claim that his counsel was ineffective in representing him. A claim of ineffective assistance of counsel is properly raised for the first time in a §2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003). Accordingly, we next address Younger's ineffective assistance of counsel claim and find that it is without merit.

### B. Ineffective Assistance of Counsel

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must establish both prongs of the inquiry, for "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

The first prong requires the petitioner to demonstrate that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The deficiency prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 688. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range

---

[3] In any event, those claims are wholly without merit. Although Younger now vaguely states that "if [he has] a mental health history, then the prosecutor is supposed to conduct a competency hearing" and the judge is "supposed to grant a competency hearing," see §2255 Motion at 4, 7, there was no basis for anyone to question Younger's competency and thus no basis for the court to conduct a hearing. See infra, 6-7.

of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. Id. at 690. In sum, a petitioner has the burden of overcoming the strong presumption that counsel was effective. Id. at 689.

If deficient performance is established, the second prong of the Strickland analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To satisfy this test, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The assessment cannot be based upon generalities but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [finding] of guilt." Flamer v. State of Delaware, 68 F.3d 710, 729 (3d Cir. 1995) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Younger contends that Attorney Rabner was ineffective for failing to move for a competency hearing prior to his guilty plea and sentencing. For reasons explained below, Younger has not satisfied the first prong of the Strickland test because he has not demonstrated that Attorney Rabner's performance was deficient.

"[A] criminal defendant shall be subjected to a competency hearing 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" United States v. Jones, 336 F.3d 245, 256 (3d Cir. 2003) (quoting 18 U.S.C. § 4241(a)). Here, there is no

AO 72
(Rev. 8/82)

- 5 -

evidence that Attorney Rabner had "reasonable cause" to suspect Younger was incapable of understanding the proceedings against him generally, or the change of plea process specifically. In fact, when the court inquired of Attorney Rabner whether he was satisfied that Younger understood what he was doing and whether was entering into the plea process knowingly and voluntarily, Attorney Rabner responded that he was "absolutely certain that is the case. . . ." Transcript of Change of Plea Hearing (hereinafter, "Plea Tr.") (Document No. 57) at 4.

Attorney Rabner's response to the court's inquiry is consistent with the court's own observations of Younger at the change of plea hearing. See Jones, 336 F.3d at 256 (noting that district court must hold hearing on its own motion if it has reasonable cause to suspect a petitioner is incompetent to proceed).

A defendant is competent to plead guilty or stand trial if he has (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) "a rational as well as factual understanding of the proceedings."[4] Drope v. Missouri, 420 U.S. 162, 172 (1975) (quoting Dusky v. United States, 362 U.S. 402 (1960). In assessing a defendant's competency under this standard, a district court must consider a number of factors, including "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." Drope, 420 U.S. at 180; United States v. Leggett, 162 F.3d 237, 242 (3d Cir. 1998). "Other factors relevant to the determination may include an attorney's representation about his client's competency." United States v. Renfroe, 825 F.2d 763, 767 (3d Cir. 1987)).

---

[4]The legal standard for determining a defendant's competence to plead guilty is the same standard as the competency to stand trial. See Godinez v. Moran, 509 U.S. 389, 399 (1993); Taylor v. Horn, 504 F.3d 416, 430 (3d Cir. 2007).

Nothing about Younger's behavior at the change of plea hearing or his responses to the court's questions during the plea colloquy suggested to the court that he was unable to understand and participate in the proceedings. Younger gave clear, unequivocal answers to the court's questions, see Plea Tr. at 2-14, 16, and he did not appear irrational or confused.[5] Moreover, there was no prior medical opinion indicating that Younger was incompetent.[6] And, as noted, Attorney Rabner indicated that he had no concern about Younger's competency. Accordingly, there was no basis for Attorney Rabner to request a competency hearing or for the court to order one. As a result, Younger has not established that Attorney Rabner's performance was deficient.

Even if Younger could demonstrate deficient performance by counsel, which he cannot, we conclude he has shown no prejudice under Strickland – no reasonable probability that, had counsel not committed the error Younger now claims, the outcome of the case would have been different. This is so because even if Attorney Rabner had moved for a competency hearing, there is no reasonable probability that Younger would have been found incompetent to plead guilty. See Jermyn v. Horn, 266 F.3d 257, 283 (3d Cir. 2001) (ineffective assistance of counsel only can be found where there "are sufficient indicia of incompetence to give objectively reasonable counsel

---

[5] In addition, when subsequently given an opportunity to address the court at the sentencing hearing, Younger gave a thoughtful, well-organized statement about his past history and his hopes and plans for the future, see Transcript of Sentencing Hearing (Document No. 58) at 9-12, which further supports the conclusion that he was able to understand and participate in the proceedings and thus was not incompetent.

[6] According to Younger, he never was diagnosed with any mental or emotional health problems, but he began mental health treatment during his most recent term of supervision because he thought the sessions were helpful and he felt comfortable with the counselor. See Presentence Investigation Report (Document No. 36), ¶53. In August 2013, Younger underwent a psychological evaluation and was diagnosed with post-traumatic stress disorder, antisocial personality and avoidant personality traits and a history of cannabis abuse. Id., ¶54. Based on the evaluation, it was recommended that Younger attend weekly individual therapy sessions, but he subsequently was discharged from therapy for failing to attend any appointments. Id. Younger's own statements about his mental health and his limited treatment history, coupled with the lack of any diagnosis calling into question his competence, contradict his current claim that Attorney Rabner should have requested a competency hearing prior to the change of plea and sentencing hearings in this case.

reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered"). Because Younger has failed to establish deficient performance by counsel and resulting prejudice, we find that his claim of ineffective assistance of counsel lacks merit.

IV. **Conclusion**

For all of the foregoing reasons, Younger's §2255 motion fails to raise any meritorious claim and must be denied as a matter of law.

According to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. Congress has mandated that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As the foregoing makes clear, Younger's §2255 motion does not identify any basis which could support a substantial showing of the denial of a constitutional right, thus a certificate of appealability will not be issued in this case.

An appropriate order will follow.

／s／ Gustave Diamond
Gustave Diamond
United States District Judge

Date: November 15, 2016

cc: Ross E. Lenhardt
Assistant U.S. Attorney

Marvin Tim Younger

- 8 -